NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2017[*]
Decided January 19, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1130

| | |
|---|---|
| PATRICK TULLIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 14-cv-70-JPG-PMF |
| | |
| VIPIN K. SHAW, et al., | J. Phil Gilbert, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Patrick Tullis, an inmate in Illinois, appeals the dismissal of his civil-rights lawsuit against prison staff. He argues that the district court erred in concluding that he filed his suit without first exhausting his administrative remedies, as he was required to do under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Because the record is insufficiently developed for us to decide this issue one way or the other, we

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

vacate the district court's judgment and remand for a hearing on the issue of administrative exhaustion. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

From November 2011 through May 2013, Tullis filed eight grievances alleging that he received inadequate medical treatment, particularly for stomach pain, and also that prison staff retaliated against him for filing prior grievances. Six of the grievances were returned to Tullis for procedural missteps of one sort or another.

Prison administrators gave full consideration to two grievances he filed in May 2013. In the first grievance, he requested treatment for vision loss and ongoing pain in his stomach, eyes, hand, neck, shoulders, and back. He added in the second grievance that he thought a C.T. scan or M.R.I. would reveal "a tear in stomach muscle or acid reflux erosion problem." A counselor denied both grievances the following month, noting that Tullis was scheduled to see an eye specialist and that a doctor had ordered unspecified "meds" and "labs" for his stomach problems. Tullis appealed, and in March 2014 the Director of the Illinois Department of Corrections upheld the grievance officer's decision, concluding that Tullis's concerns had been "appropriately addressed by the institutional administration."

In January 2014, when his appeal to the Director had been pending for nearly seven months, Tullis brought this civil-rights lawsuit against prison staff. After initial screening the district court permitted Tullis to proceed on the following claims: (1) Dr. Vipin Shaw, Dr. Art Funk, and Christine Brown (a healthcare administrator) exhibited deliberate indifference to Tullis's medical needs by refusing to authorize treatment for Tullis's stomach problems; and (2) Allan Martin (the warden) and Kendra Seip (a counselor) engaged in various acts of retaliation against Tullis because he had submitted grievances.

The defendants then moved for summary judgment, arguing that Tullis did not exhaust his administrative remedies before he filed his lawsuit, as the PLRA requires. *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 136 S. Ct. 1850, 1854–55 (2016). They noted that prison administrators returned six of the grievances to Tullis with the explanation that he had sent the grievances to the wrong decision-maker, missed a deadline, or failed to include necessary paperwork. And since Tullis filed his lawsuit before the Director issued a decision on his May 2013 grievances, the defendants argued that those grievances could not satisfy the exhaustion requirement. A magistrate judge agreed and recommended that the district court enter summary judgment for the defendants.

Tullis objected to the magistrate judge's recommendation and focused entirely on the two grievances from May 2013. He argued that he exhausted the remedies available to him because his appeal to the Director had been pending for almost seven months when he filed suit and a regulation provides that the Director shall decide grievance appeals within six months "where reasonably feasible under the circumstances." ILL. ADMIN. CODE tit. 20, § 504.850(f) (2016); *see Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (recognizing that administrative remedies are unavailable when prison officials do not respond to grievances).

The district judge overruled Tullis's objection and granted summary judgment to the defendants. The judge reasoned that the six-month window is a mere "aspirational goal" and Tullis should not have short-circuited the administrative process by filing his lawsuit before giving the Director "a reasonable opportunity to address his grievance."

On appeal Tullis again insists that he exhausted his administrative remedies and, once again, focuses on the May 2013 grievances. In response the defendants rely on *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004), in which we determined that administrative remedies are still available when prison administrators delay somewhat in responding to grievances. In *Ford* a prisoner filed a grievance accusing guards of beating him, and then he sued the guards while his administrative appeal from the denial was still pending. *Id.* at 397–98. To justify why he filed suit so quickly, he invoked a regulation providing that grievance appeals should be decided within two months "whenever possible." *Id.* at 400. He argued that because his appeal had been pending for more than two months when he sued, that remedy was effectively unavailable to him. *Id.* We disagreed, noting that the appeal was complex and that the prisoner should have let the administrative process run its course "rather than make a beeline for court just because the administrative officials gave his appeal the time needed to resolve it." *Id.*

Given the scant record in this case, we think it premature to decide whether, under *Ford*, Tullis should have waited longer for the Director to act on his appeal before he filed suit. As near as we can tell, Tullis received no communication regarding his pending appeal for almost nine months. Yet the defendants have never offered any explanation why the appeal took so long. Unlike *Ford*, in which prison administrators had sought to interview the prisoner regarding his serious allegations of staff misconduct, Tullis's appeal does not appear to have been particularly complex— the Director's decision is cursory and appears to have been based entirely on a review of Tullis's grievances and medical records. Further factual development could show

that Tullis knew when he filed his lawsuit in January 2014 that he could expect a decision from the Director reasonably soon, but we cannot conclude from this record that Tullis was wrong to pursue judicial remedies after waiting expectantly for seven months without sign of activity. *See Turley v. Rednour*, 729 F.3d 645, 650 n.3 (7th Cir. 2013) ("[W]hen the prisoner follows procedure but receives no response due to error by the prison, this court has found that the prisoner exhausted his administrative remedies."); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (rejecting the argument that the prisoner failed to exhaust where the prison's policy did not instruct the prisoner on what to do if the officials failed to respond to his grievance).

We note in closing that three of the defendants—Martin, Seip, and Brown—now concede that the district court should have held a *Pavey* hearing before concluding that Tullis did not properly exhaust four of the six grievances that were returned for supposed procedural mistakes. In light of that concession, the district court on remand should also reconsider whether those grievances were properly exhausted.

Accordingly, we VACATE the district court's judgment and REMAND the case for further proceedings.